Affirmed and Memorandum Opinion
filed December 14, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00779-CR



Shaun Anthony
Nelson, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 185th District Court

Harris County, Texas

Trial Court
Cause No. 1115016



 

MEMORANDUM OPINION 

In a single issue, appellant Shaun Anthony Nelson
appeals his conviction for aggravated sexual assault of a child, claiming that
the trial court erred in sustaining the State’s relevance objection to evidence
that appellant claims would have established a witness’s bias against him.  We
affirm.

Factual and Procedural
Background

Appellant was charged with the offense of aggravated
sexual assault of a child, his five-year-old stepdaughter, Alison.[1]  Appellant
pleaded “not guilty” to the charged offense.

At trial, Alison’s mother, Victoria, testified that
Alison’s maternal grandmother Maria sought custody of Alison.  According to Victoria,
Maria did not like appellant because he was black and did not work.  In the
State’s cross-examination, Victoria admitted Maria also disliked appellant
because he smoked “a lot of pot.”  

Appellant called Maria to testify.  In her testimony,
she acknowledged that the reason she sought custody of Alison even before she
learned of the charged offense was because appellant was using “a lot of pot
and drugs” and failed to remain employed.  In reference to Maria’s son, Carlos,
appellant asked Maria, “Isn’t it true that Carlos does pot and drugs?”  The
State objected on relevance grounds, and the trial court sustained the objection. 
Appellant had no other questions of Maria.

The jury found appellant guilty as charged.  After
finding an enhancement paragraph to be true, the trial court sentenced
appellant to twenty-five years’ confinement.

In his sole issue on appeal, appellant claims the
trial court erred in sustaining the State’s objection on relevance grounds to Maria’s
testimony about Carlos’s drug use, which appellant asserts would have demonstrated
that Maria was biased against appellant.

Analysis

To preserve error in the exclusion of evidence, the
complaining party must make an offer of proof or file a bill of exceptions to
make the substance of the evidence known.  See Tex. R. Evid. 103(a)(2); LaHood v. State, 171 S.W.3d
613, 621 (Tex. App.—Houston [14th Dist.] 2005, pet. ref’d).  Otherwise, a
reviewing court cannot assess whether the exclusion was erroneous or harmful.  LaHood,
171 S.W.3d at 621.  When, as in this case, the excluded evidence was intended
to call into question a witness’s “bias, interest, prejudice, inconsistent
statement, traits of character affecting credibility, or evidence that might go
into any impairment or disability affecting the witness’s credibility,” the
accused has less rigid requirements to preserve error for appeal.  See id.
at 622; Mumphrey v. State, 155 S.W.3d 651, 662 (Tex. App.—Texarkana
2005, pet ref’d).  In that situation, the proponent of the evidence must
establish the general subject matter on which the party desired to examine the
witness and, if challenged, show on the record why such should be admitted into
evidence.  Mumphrey, 155 S.W.3d at 662; LaHood, 171 S.W.3d at
622.

According to appellant, the State introduced evidence
of appellant’s narcotics use to rebut the defensive theory that Maria was
biased against appellant because of his race.  Appellant argues on appeal that
the evidence of Carlos’s narcotics use was relevant and admissible in
demonstrating that Maria’s bias against appellant was not attributed to
appellant’s narcotics use because she did not exhibit the same bias against her
own son.  Appellant contends that the evidence, had it been admitted, would
have undermined Maria’s credibility.  Appellant established the general subject
matter that he desired to pursue.  See Mumphrey, 155 S.W.3d at 662
(concluding that accused preserved error by establishing general subject matter
and indicating on the record that the evidence affected a witness’s bias).  However,
appellant made no such explanation as to what the evidence might show or why it
should have been admitted.  See LaHood, 171 S.W.3d at 622 (concluding an
accused failed to preserve error on complaint that trial court sustained the
State’s relevancy objection to evidence of a witness’s most recent drug use). 
Appellant made no offer of proof or bill of exceptions; rather, after the trial
court sustained the State’s relevancy objection, appellant posed no other
questions to Maria and passed the witness.  Appellant has failed to preserve
error for appellate review.  See id.  We overrule appellant’s sole issue
on appeal.

The trial court’s judgment is affirmed.

 

                                                                                    

                                                            /s/                    Kem
Thompson Frost

                                                                                    Justice

 

 

Panel consists of Justices Anderson, Frost, and Brown.

Do Not Publish — Tex. R. App. P. 47.2(b).









[1]
To protect the privacy of the complainant in this case, we identify her by a
pseudonym, “Alison.”